UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

UNITED STATES OF AMERICA,

       Plaintiff,                                         Case No. 19-cv-1182

       v.

ADAM J. SPIERINGS,
KAITLIN M. SPIERINGS,
BETTE C. FERG IRREVOCABLE INCOME-ONLY TRUST,
CITIZENS STATE BANK OF LOYAL,

       Defendants.

---

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

---

The Motion for Default Judgment having been filed by the Plaintiff on the 27th day of November, 2019 and the Court having considered the pleadings, affidavits and other documents now on file, the Court hereby makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The defendants are wholly in default.

2. That the allegations set forth in plaintiff's complaint are proven true.

3. That the mortgaged premises are described as follows:

Lot One (1) of Certified Survey Map No. 6195 as recorded in the office of the Register of Deeds for Waupaca County, Wisconsin on February 26, 2004 in Volume 21 of Certified Survey Maps on page 404-405 as Document No. 687152; being part of the Southwest ¼ of the Southeast ¼ of Section 30, Township 22 North, Range 13 East, Town of Royalton, Waupaca County, Wisconsin. Tax Key Number: 16-30-43-2

4. That notice of the pendency of this action was duly given on November 15, 2019 by filing a lis pendens in the office of the Register of Deeds for Waupaca County, Wisconsin.

This was done in the manner and form required by law, after the filing of the complaint herein, and more than twenty (20) days prior to the trial or other resolution of this action.

5. That based upon the complaint and the stipulation of the parties, Citizens State Bank of Loyal and the Bette C. Ferg Irrevocable Income-Only Trust both hold a prior interest to the plaintiff in the property more particularly described as:

Lot One (1) of Certified Survey Map No. 6195 as recorded in the office of the Register of Deeds for Waupaca County, Wisconsin on February 26, 2004 in Volume 21 of Certified Survey Maps on page 404-405 as Document No. 687152; being part of the Southwest ¼ of the Southeast ¼ of Section 30, Township 22 North, Range 13 East, Town of Royalton, Waupaca County, Wisconsin.

Tax Key Number: 16-30-43-2

6. That based upon the stipulation of the parties (Doc. 12), a judgment of foreclosure should be entered in this matter reflecting the priority of the liens held first by Citizens State Bank of Loyal, second by the Bette C. Ferg Irrevocable Income-Only Trust and third by the FARM Service Agency.

7. That based upon the stipulation of the parties, Citizens State Bank of Loyal will be paid first out of the foreclosure sale proceeds of the property, and that upon payment of the balance owed to Citizens State Bank of Loyal, it will release its interest in the subject property.

8. That based upon the stipulation of the parties, the Bette C. Ferg Irrevocable Income-Only Trust will be paid second out of the foreclosure sale proceeds of the property, and that upon payment of the balance owed to the Bette C. Ferg Irrevocable Income-Only Trust, it will release its interest in the subject property.

9. That the Answers filed by Citizens State Bank of Loyal and the Bette C. Ferg Irrevocable Income-Only Trust are superseded by the Stipulation for Lien Priority filed with the Court. A judgment of foreclosure will not affect or impair the priority of their interest.

10. That no Answer was filed by any other defendant that raises any substantive issues of fact.

11. There are now due to the United States the following sums:

a) Unpaid Principal and Interest:

| | |
|---|---|
| Principal Balance | $450,435.56 |
| Accrued Interest through November 15, 2019 | $ 30,069.36 |

Interest continues to accrue on the note at a rate of $30.8166 per day. The total amount of interest due to the United States will be calculated as of the date Judgment is ordered.

b) Fees and Costs Already Incurred:

| | |
|---|---|
| Lis Pendens fees | $ 30.00 |

c) Taxes, Special Assessments, Insurance, and Necessary Repairs: Under the terms of the mortgages, plaintiff may pay any taxes, special assessments, or insurance premiums accruing against the mortgaged premises that are now due or that shall become hereafter due before a sale of the mortgaged premises; and to protect and preserve the mortgaged premises, plaintiff may make payments for such repairs to the premises as may reasonably be deemed necessary for the proper preservation thereof. Under the terms of the mortgages, all sums advanced by plaintiff for taxes, special assessments, insurance, or necessary repairs become additional indebtedness secured by the mortgages.

d) Costs of Foreclosure: Under the terms of the mortgages, plaintiff is entitled to collect expenses that it may incur in pursuing the remedy of foreclosure. Such expenses include but are not limited to title evidence and title insurance as well as fees, charges, and expenses owed to the U.S. Marshal for a judicial sale of the premises.

12. That the defendants shall not be granted a period of redemption.

13. That no other proceedings have been held at law or otherwise for the recovery of the sum secured by the promissory notes, security agreements, continuation statements, and mortgages.

## CONCLUSIONS OF LAW

1. Plaintiff is entitled to judgment of foreclosure of the premises in the usual form as prayed for in plaintiff's complaint in accordance with the above findings of fact.

2. That all sums advanced by plaintiff for taxes, special assessments, insurance, or necessary repairs shall become additional indebtedness secured by the mortgages, with interest thereon from the date of payment at the legal post-judgment rate, and may be added to the judgment by order at any time after the entry thereof.

3. That the Plaintiff is entitled to a lien on the premises for the amount of any payments made for reasonable expenses incurred in pursuing the remedy of foreclosure and may obtain an order directing that the amounts so paid, with interest thereon from the date of payment at the legal post-judgment rate, be paid out of the proceeds of a foreclosure sale.

4. That the defendants and all persons claiming under them subsequent to the filing of the notice of the pendency of this action hereby are forever barred and foreclosed of all right, title, interest, claim and equity of redemption in and to the lands and premises or any part, parcel, or portion thereof.

5. That if necessary to secure possession of said premises, the Clerk of Court, upon application by plaintiff, shall issue a writ of assistance.

6. That the defendants shall not be granted a period of redemption. *See United*

*States v. Einum*, 992 F.2d 761 (7th Cir. 1993).

7. That Citizens State Bank of Loyal will be paid first out of the foreclosure sale proceeds of the property, and that upon payment of the balance owed to Citizens State Bank of Loyal, it will release its interest in the subject property.

8. That the Bette C. Ferg Irrevocable Income-Only Trust will be paid second out of the foreclosure sale proceeds of the property, and that upon payment of the balance owed to the Bette C. Ferg Irrevocable Income-Only Trust, it will release its interest in the subject property.

9. That the subject premises shall be sold at public sale and the sale shall be conducted by or under the direction of the United States Marshal for the Eastern District of Wisconsin.

IT IS THEREFORE ORDERED that foreclosure of said mortgages in the usual form as provided by and in accordance with the above Findings of Fact and Conclusions of Law be entered in this action.

Dated at Green Bay, Wisconsin this 27th day of November, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court